UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lucinda Hazelton, ) | C/A No.: 4:06-cv-3652-GRA-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | (Written Opinion) |
| Jo Anne B. Barnhart, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to Local Rule 73.02(B)(2)(A), D.S.C., filed on January 30, 2008. The plaintiff originally brought this suit pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the defendant denying the plaintiff's claim for disability insurance benefits and supplemental security income.

The magistrate recommends that this Court remand this case back to the ALJ because: (1) the ALJ improperly dismissed the opinion of a treating physician because there was no contradictory evidence in the record; or, in the alternative, (2) the Appeals Counsel failed to articulate a specific reason for their conclusion that the plaintiff's new evidence would not change the ALJ's decision. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation.

**Standard of Review**

The magistrate makes only a recommendation to this Court. The

recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The defendant filed objections on February 11, 2008.

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.

*Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Objections

The defendant objects to the magistrate's finding that the ALJ improperly discredited the treating physician's opinion. The magistrate found that the ALJ erred in discrediting the opinion of Dr. Scott, the treating physician, because, "There is no contradictory medical evidence put forth by the ALJ to substantiate not giving the treating physician's opinions great weight." *R & R* at 13. The magistrate further stated that the notes of Drs. Barsfield and O'Mara, other physicians that treated the plaintiff, supported Dr. Scott's opinion. Defendant objects that "the ALJ properly noted that he gave less than controlling weight to Dr. Scott's opinion because it was not supported by the other objective evidence of record, including her own treatment notes." *Def's Objs* at 2. The defendant does not contend that Dr. Scott's treatment notes contradict her final opinion. Rather, the defendant argues that Dr. Scott's treatment notes do not support her final opinion on the plaintiff's disability because: (1) Dr. Scott's treatment notes do not reflect that the plaintiff had trouble performing the tasks Dr. Scott later opined the plaintiff could not perform; and (2) Dr. Scott never placed any physical restrictions on the plaintiff.

"[T]he opinion of a treating physician is entitled to more weight than the opinion of a non-treating physician. It is only given controlling weight, however, if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Winford v.*

*Chater*, 917 F.Supp. 398, 400 (E.D. Va. 1996)(quoting 20 C.F.R. § 4041527). First, the ALJ did not question Dr. Scott's methods or techniques; therefore, Dr. Scott's opinion may only be discredited if it is inconsistent with other substantial evidence in the record. *See Stroup v. Apfel*, 205 F.3d 1334, 2000 WL 216620 at *5 (4th Cir. 2000).

Substantial evidence in the record supports Dr. Scott's opinion. Though her treatment notes are arguably lacking, *Def's Objs* at 2, a review of the entire record demonstrates that Dr. Scott's opinion is supported by Drs. Barfield's and O'Mara's treatment notes. Their evaluations provide ample support for any area of Dr. Scott's opinion that may lack specific and express support from her own notes. Further, nothing in the record is inconsistent with Dr. Scott's final opinion. As the defendant noted, this Court must evaluate all of the evidence in the case record. *Morgan v. Barnhart*, 142 Fed. Appx. 716 (4th Cir. 2005)(unpublished). After such a review, this Court finds that the magistrate did not err by finding that the ALJ improperly discredited Dr. Scott's opinion. Therefore, the defendant's objection is without merit.

Further, this Court finds that the magistrate's proffered alternative ground for remand, mentioned in footnote one of the Report and Recommendation, is not necessary to the disposition of this matter. As it is not necessary to determine whether the Appeals Counsel erred in order to remand this case, this Court need not address the issue.

**Conclusion**

After reviewing the Report and Recommendation, the record, and the defendant's objections, this Court finds that the magistrate's Report and Recommendation applies sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation as stated in this Order.

IT IS THEREFORE SO ORDERED THAT this case be remanded back for further administrative action consistent with this Order.

IT IS SO ORDERED.

                                                                          _____
                                                                          G. ROSS ANDERSON, JR.
                                                                          UNITED STATES DISTRICT JUDGE

March 6, 2008
Anderson, South Carolina